UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| CHRISTOPHER DAVID POLK, ) | |
| ) | CASE NO. 21-30203-JPS |
| Debtor. ) | |
| ) | |

**OBJECTION TO DISCLOSURE STATEMENT**

COMES NOW Jill Lee Polk ("Ms. Polk") and files this "OBJECTION TO DISCLOSURE STATEMENT" ("Objection"). In support of the Objection, Ms. Polk shows the Court as follows:

**BACKGROUND**

**Marriage and Divorce**

1.      Ms. Polk and Debtor were previously married.

2.      On July 26, 2006, Ms. Polk a plaintiff initiated a Complaint for Divorce against Debtor as defendant, initiating the civil action identified as Case No. 06-CV-336 (the "Divorce Action"), in the Superior Court of Greene County, Georgia (the "Divorce Court").

3.      On September 14, 2006, Ms. Polk recorded a *Lis Pendens Notice* in Deed Book 115, Page 28-29 of the lien records of Greene County, Georgia (the "Lis Pendens"). The Lis Pendens provided notice of Ms. Polk's claims to real property located at Lot 110, Unit One of Peninsula Club at Harbor Club (as more particularly described therein the "Greene County Property").

4.      On January 26, 2009, the Divorce Court entered a *Final Judgment and Decree* (the "Divorce Judgment") in the Divorce Action. The Divorce Judgment provides *inter alia* that Debtor shall pay Jill Polk the sum of $125,000.00 (the "Divorce Payment") with Debtor's obligation to Ms. Polk pursuant to the Divorce Payment to be memorialized by a note secured by the Green County Property for the benefit of Ms. Polk.

5.   On May 21, 2009, after counsel to Ms. Polk provided Debtor with the requisite security deed for the Green County Property, Debtor transferred the Greene County Property to the 21st Century All[ai]nce Trust. Debtor, as trustee of the 21st Century Alliance Trust conveyed the Greene County Property back to Debtor on October 13, 2016, as evidenced at Deed Book 1184, Page 632-633, Green County, Georgia real estate records.

6.   On January 5, 2010, Ms. Polk recorded a note held by Ms. Polk from Debtor in the principal amount of $125,000.00 regarding the Divorce Payment in the real estate records of Green County, Georgia at Book 983, Page 168-169 referring to the Green County Property.

## Child Support Action

7.   On May 19, 2009, Debtor initiated civil action number SUCV20090000352, in the Divorce Action (the "Child Support Action") seeing a modification of child support and alimony.

8.   Only July 27, 2009, the Divorce Court entered a Temporary Order (the "2009 Child Support Order") *inter alia* reducing Debtor's child support obligations to Ms. Polk for their minor children.

9.   On March 4, 2011, the Divorce Court entered its *Order on Motion to Set Aside Temporary Order of July 27, 2009* (the "2011 Child Support Order") in the Divorce Action and Child Support Action setting aside the 2009 Child Support Order due to Debtor's misrepresentations made under oath to the Divorce Court. In the 2009 Child Support Order, the Divorce Court found that Debtor misrepresented his financial affairs to the Divorce Court concerning an alleged substantial decrease in the Debtor's financial status (both income and assets) resulting in a decrease in Debtor's child support obligation. Accordingly, the Divorce Court (i) set aside the 2009 Child Support Order as void, ab initio, pursuant to O.C.G.A. sec. 9-11-60(d)(2); (ii) reinstated the original child support amount of $4,000.00 per month, retroactive to August 1, 2009; (iii) found Debtor to be in contempt and in arrears in the amount of $48,000.00 as of March, 2011, plus statutory interest (the "2011 Child Support Arrearage") and (iv) awarded

Ms. Polk's attorney fees, as a result of Debtor's actions, in the sum of $32,602.00 (the "Child Support Attorney Fees").

### The Claim of Lien

10. On June 19, 2014, Ms. Polk recorded a *Claim of Lien* in Book 165, Page 52 *et seq* of the lien records of Greene County, Georgia against Debtor and the Greene County Property regarding outstanding claims pursuant to the Divorce Action and Child Support Action in the amount of $227,500.00 plus interest and attached copies of the 2011 Child Support Order and Ms. Powell's Petition for Contempt and for Attorney Fees filed in the Divorce action reciting Debtor's failure to comply with the Divorce Judgment including Debtor's failure to pay the Divorce Payment and execute the security deed required by the Divorce Judgment.

### Prior Bankruptcies

11. On April 22, 2011, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court, Northern District of Georgia case number 11-2204-crm. Debtor received a discharge in that case on May 10, 2012. Debtor failed to include Ms. Polk's address on his schedules or mailing matrix.

12. On November 22, 2016, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court identified as case number 16-31255. The case was dismissed on March 22, 2017.

13. On May 17, 2017, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court identified as case number 17-30577. The case was dismissed on May 29, 2018.

14. On August 30, 2018, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this court as identified as case number 18-30913. On October 2, 2020, the United States Trustee moved to dismiss or convert the case due to Debtor being "unwilling or unable to fulfill his obligations in exchange for the benefits of the protection afforded to him by

filing" constituting "cause" under 11 U.S.C. §1112(b). The case was dismissed on November 24, 2020. The Debtor never filed a plan in the case.

## The Current Bankruptcy Case

15. Debtor initiated this Chapter 11 Case on April 16, 2021 (the "Petition Date").

16. In his Schedule A, Debtor lists ownership of the Greene County Property and values the same at $690,00.00.

17. In his Schedule E/F, Debtor lists a priority domestic support obligation claim held by Ms. Polk in the amount of $25,000.00 as "back child support and attorney's fees."

18. In his Scheduled E/F, Debtor lists a general unsecured claim held by Ms. Polk in the amount of $100,000.00 for an obligation arising out of a separation agreement or divorce.

19. Ms. Polk filed Proof of Claim No. 9 on July 21, 2021, in the amount of $260,000.00 regarding the Divorce Payment resulting from the Divorce Judgment, as a priority claim. Ms. Polk amended Claim 9 in the amount of $258,614.00 on November 3, 2022, to assert the secured nature of the same (the "Divorce Payment Claim").

20. Ms. Polk filed Proof of Claim No. 12 on September 1, 2021, in the amount of $32,602.00 regarding the Child Support Attorney Fees resulting from the 2011 Child Support Order, as a priority claim (the "Child Support Attorney Fees Claim"). Ms. Polk amended Claim 12 on November 3, 2022, in the amount of $82,833.02 to include child support arrears of $50,231.02 (the "Child Support Arrears Claim) and Child Support Attorney Fees due to Ms. Polk by Debtor

21. Collectively, the Divorce Payment Claim, Child Support Attorney Fees Claim and Child Support Arrears Claim are referred to as the "Claims."

22. The Divorce Payment Claim is secured by virtue of the Lis Pendens and Claim of Lien and is entitled to priority pursuant to 11 U.S.C.§507(a)(1).

23. As reflected in Ms. Polk's filled Claims, Debtor has failed to fully-perform his obligation to Ms. Polk under the Divorce Judgment and 2011 Child Support Order and the Claims are non-dischargeable pursuant to 11 U.S.C. §523(a)(5), and alternatively 11 U.S.C. §523(a)(15).

24. On September 29, 2022, Debtor filed his *Amended Chapter 11* Plan (Doc. No. 79) (the "Plan") and Amended *Disclosure Statement Regarding Debtor's Plan of Reorganization* (Doc. No. 80) (the "Disclosure Statement[1]").

**OBJECTION**

25. Debtor's request to approve the Disclosure Statement should be denied[2].

**Lack of Adequate Information**

26. The purpose of the Disclosure Statement is to provide creditors and other parties-in-interest "adequate information" to determine whether to vote to accept or reject the Plan. "Adequate information" is defined by 11 U.S.C. §1125(a)(1) as follows:

> adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the class, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

27. In evaluating whether disclosure is adequate, courts have utilized a list of factors to consider, including but not limited to: (1) the events leading to the petition filing; (2) a description of the available assets and their value; (3) the anticipated future of the debtor; (4) the source of information provided in the disclosure statement; (5) the present condition of the debtor; (6) the estimated return to creditors under a Chapter 7 liquidation; (7) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (8) estimated administrative expenses, including attorneys' and accountants'

---

[1] Page 3, Section II, *Relationship of Insiders and Affiliates After Confirmation*, of the Disclosure Statement refers to Darren E. Bryant, which is presumably a typo and should refer to Debtor.

[2] Ms. Polk reserves her right to file a Motion to Dismiss Debtor's Bankruptcy Case.

fees; (9) the financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (10) information relevant to the risks being taken by the creditors and interest holders; (11) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (12) litigation likely to arise in a nonbankruptcy context; and (13) the relationship of the debtor with affiliates. See In re Metrocraft Pub. Serv., Inc., 39 BR 567 (Bankr. N.D. Ga 1984); see also In re U.S. Brass Corp., 194 B.R. 420,424-425 (Bankr. E.D. Texas 1996); see also In re Scioto Valley Mortgage Co., 88 B.R168 (Bankr. S.D. Ohio 1988); see also In re A.C. Williams Co., 25 B.R. 173 (Bankr. N.D. Ohio 1982).  Ms. Polk objects to the Disclosure Statement filed by the Debtor because it does not provide "adequate information".

28.     The Disclosure Statement fails to provide even the most basic information that is typically provided in a Disclosure Statement. For example, and without limitation, the Disclosure Statement provides no information about the Debtor's work history, reasons for filing bankruptcy, why his prior bankruptcies were not successful, how he assigned value to his assets, a liquidation analysis, whether any other person contributes to or is supported by his household, what his household budget will be over the term of the Plan, the financials for business or investments owned by him and what changes may occur in his budget over the course of the Plan. Importantly, upon information and belief, Debtor has failed to disclosure investments in business interests and real estate which he holds either directly or indirectly. This most basic of information is necessary to allow creditors to analyze the feasibility and fairness of Debtor's Plan.

## **The Plan Is Not Confirmable**

29.     A bankruptcy court may disapprove of a disclosure statement if the related plan is not confirmable. See In re Atlanta West VI, 91 B.R. 620 (Bankr. N.D. Ga. 1988). Failure to provide for treatment of a claim is a proper reason to deny approval of a disclosure statement due to the

plan being unconfirmable. Id. at 624. Ms. Polk objects to approval of the Disclosure Statement as the Plan is not confirmable[3].

30. The Plan's definition of "Allowed Secured Claims" requires perfection as of November 6, 2017; however, the Petition Date was April 16, 2021.

31. Class 7 of the Plan consist of "all claims, if any, purportedly collateralized by security interests or judgment liens against assets of Debtor not otherwise classified in this plan."

32. As set forth above, Ms. Polk's Divorce Payment Claim is secured by the Greene County Property. However, the Disclosure Statement and Plan fail to provide any information on how Debtor will pay the Divorce Payment Claim in full, with interest as required by 1129(b). **importantly, Ms. Polk is simultaneously fling her notice of 1111(b) Election.** Accordingly, the Plan must pay the Divorce Payment Claim in full. The Disclosure Statement fails to disclose how the Debtor can substantiate the fairness or feasibility of payments on secured claims.

33. Class 8 consist of "all allowed unsecured claims allowed under 11 U.S.C. §1111(a) or under 11 U.S.C. §502(a), if any, allowed under 11 U.S.C. §502(g); and all allowed deficiency claims, if any."

34. Exhibit A to the Disclosure Statement lists Ms. Polk's Divorce Payment Claim and Child Support Attorney Fees Claim as Class 8 General Unsecured Claim.

35. The Plan fails to comply with 11 U.S.C. §1129(a)(9)(B)(ii), which requires Debtor to pay Ms. Polk's 11 U.S.C. §507(a)(5) domestic support obligation claim in full on the effective date of the Plan.

36. The Plan does not classify or provide for the treatment of any domestic support obligations, or any priority claims outside of Class 3, which is limited to priority claims under §507(a)(8).

---

[3] Ms. Polk reserves all additional, other, and further objections to confirmation of the Plan as currently pending or subsequently amended, modified or restated.

37. Even if the Claims were not entitled to priority, the Claims are non-dischargeable pursuant to either 11 U.S.C. §523(a)(5) and (a)(15), and the Disclosure Statement and Plan fail to address how Debtor will satisfy the full payment of the same.

38. The Plan does not provide to satisfy Ms. Polk's Claims in full on the Effective Date. Instead, the Plan provides for the partial satisfaction of Ms. Polk's priority, non-dischargeable Claims over the course of **10 years**, and fails to provide for the satisfaction of the balance of the non-dischargeable obligations owed to Ms. Polk.

### The Plan is Not Feasible and Does not Comply with 11 U.S.C. §1129(a)(11).

39. 11 U.S.C. 1129(a)(11) requires that "[c]onfirmation of the plan is not likely to be followed by liquidation, or the need for further reorganization of the debtor… unless such liquidation or reorganization is proposed in the plan."

40. Debtor's Plan is speculative.

41. Debtor's Plan fails to address how he will pay Ms. Polk's secured, priority, non-dischargeable Claims in full.

42. Accordingly, the Plan is inherently infeasible as the Claims will not be satisfied and additional financial reorganization will be required to satisfy such.

### The Plan Does Not Satisfy the Absolute Priority Rule.

43. 11 U.S.C. §1129(b)(2)(B)(ii) requires that if a plan is to be crammed down over an unaccepting class of unsecured creditors, no holder of a junior claim or interest shall retain property under the plan. The Bankruptcy Court has an independent duty to ensure a Debtor's Plan complies with the absolute priority rule in a crammed-down plan. *Alabama Dept of Econ & Cmty . Affairs v. Ball Heathcare-Dallas, LLC (In re Lett)*, 632 F.3d 1216 (11th Cir. 2011). Here, Jill Lee Polk has not voted to accept the Plan, her full claim is not provided for under the Plan, and she is not receiving property as of the effective date equal to the value of her claim. However, junior claims and interest, including Debtor, are retaining property under the Plan on account of the junior claim and interest. Importantly, Debtor is retaining assets under the Plan,

including valuable business interests and real estate without paying any "new value." Debtor's Plan does not satisfy the Absolute Priority Rule and therefore does not satisfy 11 U.S.C. §1129(b).

### The Plan Does Not Satisfy 1129(a)(15)

44.     11 U.S.C. §1129(a)(15) requires that:

In a case in which a debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan-

>   (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
>   (B)  the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. 11 U.S.C. §1129(a)(15)

45.     Ms. Polk is listed in the Plan and holding a unsecured claim and has filed an objection to the Plan and hereby objects under §1129(a)(15).

46.     The Plan does not propose to distribute property equal to the amount of Ms. Polk's claim.

47.     Moreover, the Plan fails to satisfy §1129(a)(15)(B) in that it does not provide for the distribution of Debtor's disposable income for the period of payments under the plan.

WHEREFORE, Ms. Polk prays that this Objection to the Plan be inquired into by the Court, that the Plan submitted by the Debtor be disapproved, and that Ms. Polk be granted such other and further relief as may be just and proper.

Respectfully submitted this 4th day of November, 2022.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Leon S. Jones
Georgia Bar No. 003980
Attorneys for Jill Polk
699 Piedmont Ave NE
Atlanta, Georgia 30308
lpineyro@joneswalden.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **CHAPTER 11** |
| | ) | |
| **CHRISTOPHER DAVID POLK,** | ) | **CASE NO. 21-30203-JPS** |
| | ) | |
| Debtor | ) | **JUDGE SMITH** |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that the *Objection to Confirmation of Plan* was electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Bar Order to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Wesley J. Boyer**   wes@boyerterry.com, terrycr40028@notify.bestcase.com
- **Lisa F. Caplan**   lcaplan@rubinlublin.com, nbrown@rlselaw.com;akhosla@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
- **Elizabeth A. Hardy**   elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **A. Michelle Hart Ippoliti**   michelle.ippoliti@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Ronald A. Levine**   rlevine@levineblock.com
- **Elizabeth H. Parrott**   Elizabeth.Parrott@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Bernard Snell**   bernard.snell@usdoj.gov, USAGAM.ECF@usdoj.gov;terri.atkins@usdoj.gov;taylor.fite@usdoj.gov
- **Maria A. Tsagaris**   maria.tsagaris@mccalla.com, mccallaecf@ecf.courtdrive.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

This 4th day of November, 2022.

                                                    **JONES & WALDEN, LLC**

                                                    */s/ Leslie M. Pineyro*
                                                    Leslie Pineyro
                                                    Georgia Bar No. 969800
                                                    Attorneys for Jill Polk
                                                    699 Piedmont Ave NE
                                                    Atlanta, Georgia 30308
                                                    (404) 564-9300
                                                    lpineyro@joneswalden.com