**SO ORDERED.**

**SIGNED this 28 day of November, 2023.**



_____
**James P. Smith**
**United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| CHRISTOPHER DAVID POLK, | : |
| | : CASE NO. 21-30203 |
| Debtor | : |

## ORDER CONFIRMING CHAPTER 11 PLAN

UPON the plan filed September 19, 2022 [docket no. 73], amended September 29, 2022 [docket no. 79], and amended July 24, 2023 [docket no. 120] (the "Plan") having been filed by Christopher David Polk, Debtor, the same having been transmitted to creditors and equity security holders; and it having been determined after hearing on notice that the requirements set forth in 11 U.S.C. § 1129(a) and (b) have been satisfied; and based on the findings of fact and conclusions of law entered by the Court at the hearing held on October 24, 2023; it is

ORDERED that the Plan is confirmed subject to the announcements at the confirmation hearing (restated below) herein; it is further

ORDERED that, with respect to the objection by Ford Motor Credit [docs. 83 and 142], the confirmation of this plan shall not affect the secured claim of Ford Motor Credit. Its claim shall be determined and paid in accordance with the motion for relief from stay filed September

29, 2023 [doc. 142]; it is further

ORDERED that, with respect to the objection by U.S. Bank [doc. 86], its treatment shall be in accordance with the second amended plan [doc. 120], section 5.2, provided, however, Debtor shall commence a $1,500.00 monthly payment starting on November 1, 2023; it is further

ORDERED that, with respect to the objection by Jill Polk (n/k/a Jill M. Lee) [doc. 88], her treatment shall be governed by sections 2.3.1 and 5.1.1 of the second amended plan [doc. 120] and as provided herein, and notwithstanding anything to the contrary in the Plan or herein, to the extent necessary, the automatic stay is hereby terminated as to Jill Polk and she is authorized and empowered to take any actions necessary to enforce or effectuate the Plan including without limitation to (i) record the security deed securing her Class 3.1 Claim, (ii) in the event of a default under the Plan, accelerate Debtor's obligations to Jill Polk and commence and take collection actions, and (iii) adjudicate and/or enforce any Child Support Arrears or otherwise immediately as such are not provided for in the Plan and issues related to the past due child support are reserved to Superior Court or other non-bankruptcy tribunal, and further provide that, Debtor shall immediately take such action as necessary to implement his requirements and obligations to Jill Polk under the Plan including delivering: (i) a duly executed security deed on his Residence pursuant to Class 3.1, (ii) the $35,000.00 initial payment, and (iii) cooperating with Jill Polk in obtaining a life insurance policy; it is further

ORDERED that, with respect to the objections by Internal Revenue Service [doc. 90 and 138], Debtor shall pay the priority and secured claims of the Internal Revenue Service in accordance with the latest amended proof of claim by the Internal Revenue Service filed on November 8, 2023 in the amounts of $23,014.00 (secured) and $16,984.15 (priority) on or before the effective date of the plan.  Additionally, Debtor shall pay his 2022 tax liability of $7,754.61 (through December 4, 2023); it is further

ORDERED that, with respect to the objection by Portfolio Recovery Associates [doc. 131], its treatment shall be in accordance with the consent order dated October 30, 2023 [doc. 148]; and it is further

ORDERED that Debtor will continue to file monthly operating reports until the plan is substantially consummated and the final decree is entered.

END OF DOCUMENT

BOYER ‖ TERRY LLC
WESLEY J. BOYER
Attorney for Debtor
State Bar No. 073126
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
(478) 742-6481
Wes@BoyerTerry.com