IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER DAVID POLK | ) | CASE NO. 21-30203-AEC |
| *aka* Chris Polk, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, AS SERVICED BY FAY SERVICING, LLC, | ) ) ) ) ) ) ) | CONTESTED MATTER |
| | ) | |
| Movant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER DAVID POLK, | ) | |
| *aka* Chris Polk | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## NOTICE OF HEARING

MOVANT HAS FILED DOCUMENTS WITH THE COURT TO OBTAIN RELIEF FROM THE AUTOMATIC STAY.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one**. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the Court to grant relief from the automatic stay or if you want the Court to consider your views on the motion, then you or your attorney shall attend the hearing scheduled to be held on:

**Tuesday, September 30, 2025 at 2:00 p.m.** at the United States Bankruptcy Court, U. S. Courthouse and Post Office, 115 East Hancock Avenue, Athens, Georgia 30601.

**If you or your attorney does not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This notice is sent by the undersigned pursuant to LBR 9004-1(c) and LBR 9007-1.

Dated this   September 9, 2025

*/s/ Michael J. McCormick*
Michael J. McCormick
Georgia Bar No. 485749
Attorney for Movant
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3918
Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER DAVID POLK | ) | CASE NO. 21-30203-AEC |
| *aka* Chris Polk, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, AS SERVICED BY FAY SERVICING, LLC, | ) ) ) ) ) ) ) | CONTESTED MATTER |
| | ) | |
| Movant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER DAVID POLK, *aka* Chris Polk | ) ) | |
| | ) | |
| Respondents. | ) ) | |

## MOTION TO CONVERT CASE TO CHAPTER 7

COMES NOW Movant and shows this Court the following:

1.

This is a Motion under Section 1112 of the Bankruptcy Code for conversion of this case to Chapter 7.

2.

Movant is the servicer of a loan secured by certain real property in which Debtor claims an interest. Said real property is security for a promissory note, and is located at and more

commonly known as 1651 Lighthouse Circle, Greensboro, GA 30642 (herein, the "Property").

3.

As of September 9, 2025, Movant's total claim is approximately $1,308,969.84, consisting of: unpaid principal balance of $932,417.48, accrued interest of $219,485.91, escrow advances of $159,573.76, corporate advances of $3,253.32; less a suspense balance of $5,760.63. This is not an exact figure and may not be relied upon for payoff purposes.

4.

As of September 9, 2025, Debtor is delinquent for one hundred thirty-one (131) payments (November 1, 2014 – September 1, 2025), pursuant to the terms of the Loan Modification Agreement.

5.

On April 21, 2025, Movant filed a motion for relief from the automatic stay (Docket Item #177)(herein, the "MFR").  On June 26, 2025, Jill Polk, a creditor holding claim(s) against the Debtor for domestic support obligations, filed a response (Docket Item #181)(herein, the "MFR Response") to the MFR asserting the value of the Property is $1,668,000.00, not taking into consideration "additional improvements including a second kitchen and additional bathrooms and bedrooms in the basement."   The Second Amended Disclosure Statement (Docket Item #121) filed on July 24, 2023 avers the Property is worth $1,800,000.

6.

On November 28, 2023, this Honorable Court entered its Order Confirming Chapter 11 Plan (Docket Item #154).

7.

Pursuant to Section 5.2 of the Confirmed Plan (Docket Item #120) filed July 24, 2023, *The claims in Class 4 (Chase), if any and to the extent allowed, shall be settled and satisfied as follows: Debtor shall sell the collateral and pay the Class 4 creditor in full within 12 months of the effective date.* **Completion of the sale has not occurred. Nor does it appear the Property is listed for sale.**

8.

The undersigned counsel emailed the Debtor's attorney on September 3, 2025 and September 5, 2025 to determine the status of the sale of the Property, but as of the filing of this motion, no response has been received.

9.

Section 8 of the Confirmed Plan (Docket Item #120) entitled "EVENTS OF DEFAULT" provides:

> 8.1 The occurrence of any of the following shall constitute an event of default:
> (a) Failure by the Debtor to make the payments provided for in this Plan;
> (b) Failure by the Debtor to comply with any covenants set forth in this Plan.
>
> 8.2 An event of default with respect to a class under this plan shall enable the class to enforce the terms of the plan in any court having jurisdiction over the Debtor.

10.

11 U.S.C. § 1112(b)(1) provides that "on request of a party in interest, and after notice and hearing, absent unusual circumstances specially identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if movant establishes cause."

11.

Of course, the determination under § 1112(b) rests with the sound discretion of this Court. *Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806–07 (9th Cir. 2001).

12.

On February 12, 2024, this Court entered it final decree and closed the case. Nevertheless, this Court's authority to convert or dismiss this case for material postconfirmation default is not lost by entry of final decree closing case. *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

13.

As set forth below, 'cause' exists to immediately convert this case to Chapter 7 due to Debtor's material default under his Plan and inability to effectuate substantial consummation of the confirmed plan. To begin with, "[a] precise definition of 'cause' is slippery and elusive." *In re Roan Valley, LLC,* 2009 WL 6498188, *2 (Bankr. N.D. Ga. 2009) (Drake, B.J.). And while section 1112(b)(4) lists examples of what constitutes cause, that list is not exhaustive nor exclusive. *Id.* at *4; *In re Stuart,* 2005 WL 3953894, *3 (Bankr.N.D.Ga.2005) (Bihary, B.J.); *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984).

14.

As defined by § 1112(b)(4)(N), the term 'cause' includes a material default by the debtor with respect to a confirmed plan. See, e.g., *In re Vagu*, 2023 WL 4687819 (Bankr. D.P.R. 2023) "[a] debtor's failure to make payments to creditors in contravention of a plan amounts to a material default and constitutes cause to convert or dismiss a bankruptcy case under §

1112(b)(1) and 1112(b)(4)(N).")(citing *In re Guzman*, 2018 WL 3032862)((Bankr. D.P.R. 2018). See also, *Kenny G. Enters., LLC v. Casey (In re Kenny G. Enters.)*, No. BAP CC-13-1527, 2014 Bankr. LEXIS 3529, 2014 WL 4100429, at *14 (9th BAP Cir. Aug. 20, 2014) (noting that failure to pay creditors as required by a confirmed plan is a material default and cause for conversion or dismissal of a debtor's case)(citing, *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.)*, 213 F.3d 917, 921 (6th Cir.2000))(failure to make a payment required under Chapter 11 plan is a material default and is cause for dismissal); *State of Ohio, Dept. of Taxation v. H.R.P. Auto Center, Inc (In re H.R.P. Auto Center, Inc.)*, 130 B.R. 247, 256 (Bankr. N.D. Ohio 1991) (holding three missed payments to a single creditor over the course of a year was a material default of a confirmed chapter 11 plan); *In re Red Door Lounge, Inc.*, 559 B.R. 728, 733 (Bankr. D. Mont. 2016)(Cause existed to convert debtor's Chapter 11 case to case under Chapter 7, where debtor was in material default under the terms of confirmed plan in prior Chapter 11 case, debtor had not made a monthly payment to secured creditor for over two years and had not paid any real property taxes for approximately six years, and debtor had no reasonable likelihood of rehabilitation).

15.

As defined by § 1112(b)(4)(M), the term 'cause' further includes an inability to effectuate substantial consummation of a confirmed plan. Pursuant to § 1101, substantial consummation requires, *inter alia*, commencement of distribution under the plan. See, e.g., *In re Brooks*, 488 B.R. 483 (Bankr. N.D. Ga. 2013)(Drake, J.)("[t]he Code provides and courts have recognized that cause may also be established under Section 1112(b)(4)(M) where the record shows that the debtor cannot effectuate a plan of reorganization. *See* § 1112(b)(4)(M) ("[C]ause includes— inability to effectuate substantial consummation of a confirmed plan.")").

16.

The claims filed in this case are in excess of $2.1 million, not including Movant's claim, but including the claim filed by the Internal Revenue Service for $1,565,502.10, and the claims filed by Jill Polk for $258,614.00 and 82,833.02. To the extent there is equity in the Property over the payoff of Movant's claim and the costs of sale, the creditors in this case would benefit from conversion of the case. See, *In re Sundale, Ltd.*, 471 B.R. 300, 306 (Bankr. S.D. Fla. 2012)(Conversion was in best interests of creditors, regardless of size of Chapter 7 estate.)

17.

Conversion of this case to one under Chapter 7, rather than dismissal, is in the best interests of creditors and estate, given that conversion would allow a neutral, unbiased trustee to administer claims and investigate and pursue avoidable transfers, thereby maximizing distribution to creditors, *In re Picacho Hills Utility Co., Inc.*, 518 B.R. 75, 83-84 (Bankr. D.N.M. 2014).

18.

Pursuant to Local Bankruptcy Rule 4001-1(a)5 and O.C.G.A. §44-14-162.2, the name of the person or entity who has full authority to negotiate, amend or modify the terms of the aforementioned indebtedness is: Fay Servicing, LLC, PO Box 814609, Dallas, TX, 75381-4609. Please be advised that the secured creditor *is not required* by law to negotiate, amend, or modify the terms of the Mortgage Instrument.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an Order converting this case to Chapter 7; and for such other and further relief as is just and equitable.

*/s/ Michael J. McCormick*
Michael J. McCormick
Georgia Bar No. 485749
Attorney for Movant
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3918
Michael.McCormick@mccalla.com

BANKRUPTCY CASE NO. 21-30203-AEC

CHAPTER 11

CERTIFICATE OF SERVICE

    I, Michael J. McCormick, of McCalla Raymer Leibert Pierce, LLP, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

    That on the date below, I served a copy of the within NOTICE OF HEARING, together with the MOTION TO CONVERT CASE TO CHAPTER 7 filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, postage prepaid, unless another manner of service is expressly indicated:

Christopher David Polk
1651 Lighthouse Circle
Greensboro, GA 30642

Wesley J. Boyer         *(Served via ECF notification)*
Boyer Terry LLC
348 Cotton Avenue
Ste 200
Macon, GA 31201

Leslie Pineyro         *(Served via ECF notification)*
Jones & Walden, LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Bernard Snell         *(Served via ECF notification)*
U.S. Attorney's Office
PO Box 1702
Macon, GA 31202

Ronald A. Levine         *(Served via ECF notification)*
Levine & Block, LLC
P.O. Box 422148
Atlanta, GA 30342

Elizabeth A. Hardy         *(Served via ECF notification)*
Office of U.S. Trustee
440 Martin Luther King Jr. Blvd
Suite 302
Macon, GA 31201

And upon the attached list of Creditors who have the 20 largest unsecured claims.

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   09/09/2025     By:   */s/ Michael J. McCormick*
              (date)                      Michael J. McCormick
                                            Georgia Bar No. 485749
                                            Attorney for Movant

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-3<br>Case 21-30203-AEC<br>Middle District of Georgia<br>Athens<br>Tue Sep  9 16:54:13 EDT 2025 | Boyer Terry LLC<br>348 Cotton Ave., Suite 200<br>Macon, GA 31201-7305 | Internal Revenue Service<br>United States Attorney's Office<br>P.O. Box 1702<br>300 Gateway Plaza<br>Macon, GA 31202-1702 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | 3<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | Ally Financial<br>200 Renaissance Center<br>Detroit, MI 48243-1300 |
| Anthony Mauriello<br>Maurielle Enterprise<br>16 Driggs Street<br>Staten Island, NY 10308-3234 | Brown Timber & Logging, Inc. and<br>Cleve Lamb d/b/a Lamb Logging<br>c/o Nathan Huff, Esq.<br>228 Baston Road<br>Augusta, GA 30907-1922 | (p)BRYANT STATE BANK<br>ATTN BANKRYPTCY<br>1500 S HIGHLINE AVE<br>SIOUX FALLS SD 57110-1003 |
| Chase Mortgage<br>PO Box 15153<br>Des Moines, IA 19668-5153 | Colonial Funding Network, Inc.<br>615 National Drive<br>Rockwall, TX  75032-6562 | Credit One Bank, NA<br>PO Box 98875<br>Las Vegas, NV 89193-8875 |
| Dish Network<br>PO Box 105169<br>Atlanta, GA 30348-5169 | FSB Blaze<br>5501 S. Broadband Lane<br>Sioux Falls, SD 57108-2253 | Ford Motor Credit<br>PO Box 542000<br>Omaha, NE 68154-8000 |
| Ford Motor Credit Company, LLC<br>C/o Levine & Block, LLC<br>Ronald A. Levine, Esq.<br>P.O. Box 422148<br>Atlanta, GA 30342-9148 | (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | (p)GEORGIA DEPARTMENT OF REVENUE<br>BANKRUPTCY<br>2595 CENTURY PKWY NE SUITE 339<br>ATLANTA GA 30345-3173 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)MCCALLA RAYMER LEIBERT PIERCE  LLC<br>ATTN ATTN WENDY REISS<br>1544 OLD ALABAMA ROAD<br>ROSWELL GA 30076-2102 |
| JPMorgan Chase Bank. National Association<br>Chase Records Center, At: Correspondence<br>Mail Code LA4-5555<br>700 Kansas Lane<br>Monroe, LA 71203-4774 | Jill Polk<br>1590 Alvecote Court<br>Cumming, GA 30041-9353 | Jill Polk<br>c/o Leslie M. Pineyro<br>Jones & Walden LLC<br>699 Piedmont Ave NE<br>Atlanta, GA 30308-1414 |
| Kapitus Servicing, Inc.<br>120 West 45th Street<br>4th Floor<br>New York, NY 10036-4041 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| Merrick Bank<br>c/o Resurgent Cap.<br>PO Box 10368<br>Greenville, SC 29603-0368 | Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Navient CFC<br>c/o Navient Solutions, Inc.<br>PO Box 9640<br>Wilkes Barre, PA 18773-9640 |

| | | |
|---|---|---|
| Office of United States Trustee<br>c/o Elizabeth A. Hardy<br>440 Martin Luther King Jr. Blvd.<br>Suite 302<br>Macon, GA 31201-7987 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Richard M. Howe<br>4385 Kimball Bridge Road<br>Suite 100<br>Alpharetta, GA 30022-4474 | Rise<br>4150 International Plaza<br>Fort Worth, TX 76109-4892 | Tech Tower Prop., LLC<br>c/o Marcadis Singer, PA<br>5104 S. Westshore Blvd.<br>Tampa, FL 33611-5650 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | US Bank Trust National Association<br>c/o Lisa F. Caplan, Esq.<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071-1570 | US Bank Trust National Association, et al.<br>Fay Servicing, LLC<br>Bankruptcy Department<br>PO Box 814609<br>Dallas, TX 75381-4609 |
| Verizon<br>PO Box 4001<br>Acworth, GA 30101-9002 | Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX  77210-4457 | Wells Fargo Bank<br>d/b/a Wells Fargo Dealer Services<br>PO Box 19657<br>Irvine, CA 92623-9657 |
| Woods Scrubbing Bubbles, Inc.<br>d/b/a Servpro of Athens<br>c/o Horne Law Firm, PC<br>4385 Kimball Bridge Road, Suite 100<br>Alpharetta, GA 30022-4474 | Christopher David Polk<br>1651 Lighthouse Circle<br>Greensboro, GA 30642-5444 | Wesley J. Boyer<br>Boyer Terry LLC<br>348 Cotton Avenue<br>Ste 200<br>Macon, GA 31201-7305 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CCS/Bryant State Bank<br>500 E. 60th Street, North<br>Sioux Falls, SD 57104 | Ford Motor Credit Company, LLC<br>Dept. 55953<br>PO Box 55000<br>Detroit, MI.  48255-0953 | Georgia Department of Revenue<br>Bankrkuptcy Section<br>1800 Century Boulevard, NE, Suite 17200<br>Atlanta, GA 30345 |
| JPMorgan Chase Bank, National Association<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA  30076 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | (d)US Bank Trust National Association<br>c/o MCCALLA RAYMER LEIBERT PIERCE, LLC<br>Bankruptcy Department<br>1544 Old Alabama Rd<br>Roswell, GA 30076 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ford Motor Credit Company, LLC, A Delaware | (u)JPMorgan Chase Bank, National Association | (u)PRA Receivables Management, LLC |

| | | |
|---|---|---|
| (u)US BANK TRUST NATIONAL ASSOCIATION | (du)US Bank Trust National Association | (u)US Bank Trust National Association, Not In |
| (u)Brown Timber & Logging, Inc. and Cleve Lamb d/b/a Lamb Logging | (u)Jill Polk | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients     8<br>Total                   52 |